GREEN MOUNTAIN CENTRAL INSTITUTE *v.* DENNIS BRITAIN.

*Subscription Paper.    Revenue Stamp.    Revenue Collector.*

A revenue stamp of five cents on each sheet of a subscription paper payable to a chartered educational institution is sufficient.

The omission of a stamp in good faith, the parties believing none was required, *held* to be an "inadvertence" within the meaning of the 158th section of the Act of Congress, (Compilation of 1867.)

Where the stamp was thus omitted, but upon learning that there was doubt as to whether it was required, the party took it to the collector and had it stamped, *held* that the paper had not been previously "issued or used," within the meaning of the 162d section of said act.

The decision of the collector as to the amount of the stamp required, which he affixes and cancels, under said 162d section, is conclusive, though the instrument be chargeable with a higher stamp duty.

ASSUMPSIT for a subscription of $300. Plea, the general issue. Trial by jury, September term, 1870, STEELE, J., presiding.

The plaintiff offered in evidence a subscription paper, dated August 30, 1865, signed by defendant. To the admission of this paper the defendant objected : because not sufficiently stamped, being stamped only five cents ; because said stamp was not seasonably affixed, and because not properly cancelled, and because the proper minutes were not made on the margin of the instrument.

It appeared by inspection of the instrument and by uncontradicted parol evidence—which was received against defendant's exception—that the stamp was omitted originally in good faith, the parties believing it not required ; that subsequently, the plaintiff, learning there was a question about it, applied to the collector of internal revenue in the district, to affix the proper stamps and remit the penalty, according to the law of Congress ; and said collector did affix the stamp and cancel it, and mark it with his initials, and made a memorandum that the penalty was remitted ; and did this at the date marked upon the stamp on said instrument. Upon this evidence the court held that the instrument was admissible in evidence, whether or not the collector was in error in regarding a five cent stamp sufficient, and the instrument was accordingly read in evidence. The defendant also claimed that, even if the paper could be received in evidence, it could not be made the basis of a recovery because of said insufficiency and illegality of the stamping thereof. This point the court also overruled. To all which rulings adverse to the defendant, the defendant excepted. The jury returned a verdict for the plaintiff.

*L. C. Wheelock*, for the defendant.

*H. Carpenter* and *E. E. French*, for the plaintiff.

The opinion of the court was delivered by

REDFIELD, J. This action is based on a subscription of $300, made payable to the plaintiff — an educational institution chartered by the legislature of this State in 1863. The defendant ob-

jected to the admission of the subscription paper in evidence, because not having upon it the proper internal revenue stamp.

The case shows that the stamp was originally omitted in good faith — the party believing that no stamp was required; but learning there was a question about it, plaintiff applied to the collector of internal revenue in this district, to affix the proper stamp and remit the penalty in accordance with the law of Congress. And said collector did affix the stamp and cancel it, and mark it with his initials; and did make a memorandum that the penalty was remitted. Upon this proof the instrument was admitted in evidence.

I. It would seem to us that the law of congress is satisfied by a revenue stamp of *five cents* on *each sheet* in a subscription paper of this kind.

II. The 158th section of the act of congress (compilation of 1867) provides that " if it shall be made to appear to any collector that any instrument has not been duly stamped at the time of making or issuing of the same, by reason of accident, mistake, *inadvertence*, or urgent necessity, without any wilful design to defraud the United States of the stamp, within twelve calendar months after the first of August, 1866, it shall be lawful for said collector to affix the proper stamp and remit the penalty." This instrument was brought by the plaintiff to the collector of this district, July 20th, 1867, and he affixed a revenue stamp of five cents, cancelled it and remitted the penalty; and certified the same of that date under his official signature.

We think the omission to affix the stamp may be properly termed an " *inadvertence,*" and that this case comes within the provisions of this section.

III. But the 162d section of the same act says that " it shall be lawful to present any instrument not previously *issued* or *used*, to the collector, and require his opinion whether the same is chargeable with any stamp-duty; and if he shall be of opinion that it is chargeable with any stamp-duty, he shall affix the proper stamp (upon payment therefor) and cancel it; and every such instrument shall be deemed chargeable *only* with the duty denoted by the stamp thus affixed, and shall be received in evidence in

all courts of law or equity." The evident purpose of this section was to protect innocent persons who were ready and willing to comply with the law, but were in doubt as to its exactions, and enable them to cast the burden and responsibility upon the collector in determining the requirements of the government, and should be construed liberally for such beneficial purpose. So far as the case discloses the history of this subscription paper, we think that, at the time the stamp was affixed by the collector, it had not been previously "*issued* or *used*," within the meaning of this section of the act of Congress. Under this provision of the law, it is unimportant whether the instrument was chargeable with higher stamp duty. It is enough that the collector *adjudged* it subject to such duty, and affixed and cancelled the stamp.

We therefore find no error, and the judgment below is affirmed.